# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

                    Plaintiff,

                    **Case No. 02-C-146**

    -vs-

**TARGET CORPORATION,**

                    Defendant.

## DECISION AND ORDER

Following a remand from the Seventh Circuit in the above-captioned matter, the Court conducted a scheduling conference call on December 12, 2006. The day before the scheduling conference, counsel for the defendant (Target Corporation) submitted a letter explaining that it hoped to re-open discovery as to certain limited matters prior to a scheduled trial. At the conference call, EEOC objected to any further discovery and requested a trial date in Spring 2007. The Court overruled EEOC's objection and allowed ninety (90) days of discovery to be completed no later than March 11, 2007. The Court also set a dispositive motion deadline of March 11, 2007, scheduled a final pretrial conference for August 6, 2007 at 2:00 pm, and a trial for the week of September 10, 2007. EEOC filed a motion for clarification and reconsideration of the Court's Scheduling Order.

Federal Rule of Civil Procedure 26(b)(1) allows discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Within these and other parameters, the Court has broad discretion to determine the scope of discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 679 (7th Cir. 2002). In reaching this determination, the relevance of potential discovery should be liberally construed. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Target has represented to the Court that it will seek discovery on the following matters: (1) written discovery from the four remaining claimants (Cherise Brown-Easley, Ralpheal Edgeston, Kalisha White, and James Daniels) regarding their employment during the last three years, their job search efforts and other information related to damages and mitigation; (2) continuing or "re-opening" the depositions of the three previously deposed claimants who remain in the case (Brown-Easley, Edgeston, and White) on the topic of subsequent employment, damages, and mitigation; and (3) full written discovery and a full deposition of James Daniels, identified as a claimant on his own behalf and who was not previously deposed.

At this juncture, the Court finds such discovery to be relevant to Target's defense of this matter. Given the delay caused by the appeal, the depositions of the three previously deposed claimants were taken four years ago. EEOC argues that Target can be brought up to speed by supplementing its prior discovery responses, but Target is surely entitled to have discovery on relevant issues of mitigation and damages in a manner of its

own choosing. EEOC can avail itself of any of the remedies set forth in the federal rules of civil procedure should any particular discovery request be objectionable.

EEOC also argues that Target should not be allowed any discovery because the Seventh Circuit's opinion allows the Court on remand to consider only the timeliness of Daniels' claim. "Because the parties did not fully argue this issue [of timeliness] on appeal, we leave it to the district court on remand to make this determination after both parties have fully briefed and argued the issue. If the district court determines that [Keith] Stanley's charge is the appropriate starting point, Daniels' charge is not outside the statutory minimum." *EEOC v. Target Corp.*, 460 F.3d 946, 959 (7th Cir. 2006). This is an issue flagged by the Seventh Circuit, but it is surely not the only possible issue for the Court to consider now that the case will likely proceed to trial. A fair reading of the Seventh Circuit's opinion is not so restrictive. More than that, the Seventh Circuit's decision does nothing to limit the discretion of the Court to allow discovery on matters that may be relevant at trial or other proceedings.

Finally, EEOC objects generally to a period of discovery because it would delay an already delayed trial. "District Court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *United States v. Reed*, 2 F.3d 1441, 1447 (7th Cir. 1993). In balancing the need to conduct additional discovery with the possible prejudice of delaying the trial, the Court set forth an expedited discovery schedule and placed the trial on its calendar as soon as possible. The Court can discern no appreciable prejudice from conducting a trial in September 2007 as opposed to April 2007. This matter has already been significantly delayed, and the harm of waiting five months more does not justify denying Target's right

to conduct additional discovery. *See Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1030 (7th Cir. 1998) ("When reviewing challenges for abuse of discretion in district court scheduling matters, matters of trial management are for the district judge").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

EEOC's motion for reconsideration and clarification of the Court's December 12, 2006 Scheduling Order [Docket No. 119] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2007.

                                  **SO ORDERED,**

                                  **s/ Rudolph T. Randa**
                                  **HON. RUDOLPH T. RANDA**
                                  **Chief Judge**