# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

        Plaintiff,

  -vs-

**TARGET CORPORATION,**

        Defendant.

Case No. 02-C-146

## DECISION AND ORDER

Following a remand from the Seventh Circuit, the parties filed cross-motions for partial summary judgment in advance of the trial scheduled for the week of September 10, 2007. For the reasons that follow, Target Corporation's ("Target") motion is granted, and the Equal Employment Opportunity Commission's ("EEOC") motion is denied.

### BACKGROUND

This matter relates to alleged discriminatory practices in interviewing and hiring individuals for the Executive Team Leader ("ETL") position in Target's District 110, which includes 11 stores in the Milwaukee, Madison, and Waukesha, Wisconsin metropolitan areas.

On or about July 12, 2000, three Caucasian Target managers interviewed Keith Stanley ("Stanley"), an African-American, for an ETL position. Stanley was a former part-time Target employee. On or about July 17, 2000, Target informed Stanley that he had not

been selected for an ETL position. On January 8, 2001, 175 days after being rejected by Target, Stanley filed a discrimination charge with the EEOC, alleging race discrimination.

On or about February 20, 2001, Kalisha White ("White"), an African-American, submitted her resume to Target in application for an ETL position. By e-mail, Matthew Armiger ("Armiger"), Store Team Leader ("STL") for Target in New Berlin, Wisconsin, asked White to call for an interview. White called several times but Armiger always stated that he was too busy to schedule an interview.

On or about May 9, 2001, White re-submitted a resume, with less impressive credentials, under the name "Sarah Brucker." Armiger left e-mail and telephone messages asking "Brucker" to call. Carolyn Buckley, a Caucasian acquaintance, called Armiger and identified herself as "Sarah Brucker." Armiger immediately scheduled an interview for "Brucker." After this occurred, White called Armiger again as herself and said that she was calling again to set up an interview. Armiger stated again that he was too busy. On May 11, 2001, White filed an EEOC discrimination charge against Target, alleging that Target discriminated against her and against "Black applicants as a class" because of their race by not considering them for ETL positions.

In February 2001, Ralpheal Edgeston ("Edgeston") and Cherise Brown Easley ("Easley"), both African-American, attended a job fair at the University of Wisconsin-Milwaukee and applied for ETL positions at Target. Easley and Edgeston scheduled phone interviews with Armiger for March 4, 2001. Armiger never called for the phone interviews and refused to return their phone calls after March 4. On May 11, 2001, 68 days after the

scheduled phone interviews, Edgeston filed an EEOC discrimination charge alleging that Target discriminated against her because of her race.

James E. Daniels ("Daniels"), an African-American, applied for an ETL position at a job fair in February or March 2000. After an initial interview, Daniels interviewed at the D110 offices on March 13, 2000. Daniels did not hear from Target until mid-May 2000, when he received a rejection letter. Daniels recalls receiving the rejection letter on or about his graduation date, which was May 14, 2000, 239 days before Stanley filed his EEOC charge and 362 days before White filed her EEOC charge.

Daniels never filed an employment discrimination charge or complaint against Target. Daniels first learned of the EEOC's lawsuit against Target in February 2003. Sometime thereafter, Daniels contacted the EEOC for the first time regarding this action.

During the investigation of Stanley's charge, Target produced evidence related to other candidates who interviewed the same day as Stanley (July 12, 2000). The EEOC's investigation into Stanley's charge did not encompass Daniels or any of the March 2000 ETL interviews. Target did not produce evidence or information relating to Daniels or anyone else who interviewed before May 2000 during the course of the EEOC's investigation.

## ANALYSIS

The parties moved for summary judgment with respect to the EEOC's claim that Target discriminated against Daniels on account of his race. Target argues that Daniels' claim is barred by the applicable 300-day statute of limitations. Because Daniels did not file a charge of discrimination, the EEOC must show that Daniels' allegations are "like or

-3-

reasonably related" to the allegations of a charge filed within 300 days of Target's decision not to offer him employment. *See* 42 U.S.C. 2000e-5(e); *EEOC v. Harvey L. Walner & Assocs.*, 91 F.3d 963, 968 (7th Cir. 1996) (after receiving initial charge, the EEOC may include in its complaint any related unlawful conduct that it discovers in the course of investigating that charge). On appeal, the Seventh Circuit considered the timeliness issue and wrote:

> Although White's charge was the first to allege that Target was discriminating against African Americans as a class, Stanley's charge brought the possibility of racial discrimination in Target's District 110 to the attention of the EEOC and began the process that led to the instant lawsuit. Target did not argue specifically that Stanley's charge is not the appropriate charge from which to count for the purposes of 42 U.S.C. § 2000e-5(e), though Target assumes that the appropriate charge is that of White. Because the parties did not fully argue this issue on appeal, we leave it to the district court on remand to make this determination after both parties have fully briefed and argued the issue.

*EEOC v. Target Corp.*, 460 F.3d 946, 959 (7th Cir. 2006).

For purposes of this opinion, the Court assumes, as suggested by the Seventh Circuit, that Stanley's charge is the "appropriate charge from which to count" in determining the timeliness of Daniels' allegations. The Court also presumes that Daniels' allegations of discrimination occurred within 300 days of Stanley's charge – Daniels received his rejection letter on or about May 14, 2000, 239 days before Stanley filed his charge.

However, Daniels' allegations are not "like or reasonably related" to the allegations in Stanley's charge. The "EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *EEOC v. Jillian's of Indianapolis, Inc.*,

-4-

297 F. Supp. 2d 974, 979 (S.D. Ind. 2003) (quoting *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)).  Stanley interviewed for the ETL position four months after Daniels' round of interviews, and Daniels was not interviewed by the same people who interviewed Stanley.  Therefore, the conduct does not implicate the same individuals.

Moreover, the EEOC's investigation did not encompass ETL interviewees or candidates prior to May 2000.  The EEOC only learned of Daniels' interview and allegations during the course of discovery in this lawsuit.   There is a clear distinction between "facts gathered during the scope of an investigation and facts gathered during the discovery phase of an already-filed lawsuit."  *Jillian's*, 297 F. Supp. 2d at 981.  An EEOC complaint must be "the product of the *investigation* that reasonably grew out of the underlying charges." *Jillians*, 297 F. Supp. 2d at 980 (emphasis added).  The EEOC may not use discovery in the resulting lawsuit "as a fishing expedition" to uncover more violations.  *Harvey L. Walner*, 91 F.3d at 971.

It is true that a "suit by the EEOC is not confined 'to claims typified by those of the charging party . . . and [the defendant] is mistaken to think that the EEOC's complaint must be closely related to the charge that kicked off the [EEOC]'s investigation."  *EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 833 (7th Cir. 2005).  However, *Caterpillar* also states that: "'Any violations that the EEOC ascertains *in the course of a reasonable investigation* of the charging party's complaint are actionable.'"  *Caterpillar*, 409 F.3d at 833 (quoting *General Telephone Co. v. EEOC*, 446 U.S. 318, 331 (1980)) (emphasis added).  Applying that

-5-

standard, it is clear that the alleged violations with respect to Daniels were not discovered by the EEOC in the course of its investigation into Stanley's complaint.

Given the Court's ruling that any claims on behalf of Daniels are untimely, the Court need not evaluate the merits of Target's attempt to provide evidence of a legitimate, non-discriminatory justification for its decision not to hire Daniels.

In addition, Target has a one-year record retention policy which mirrors Title VII's record-keeping requirements. *See* 29 C.F.R. § 1602.14. Target had no reason to retain its records regarding Daniels' interview for a longer period of time because Daniels never filed a charge and his claims were not like or reasonably related to Stanley's charge (or any other charge). *See* 29 C.F.R. § 1602.14 ("if a *charge of discrimination is filed*, an employer is required to retain all relevant personnel records until the final disposition of the charge") (emphasis added). It would be unfair to force Target to defend against Daniels' discrimination claim without the benefit of its own documentary evidence, making the application and enforcement of the 300-day statute of limitations appropriate in the instant case. *See, e.g., Cada v. Baxter Healthcare Corp.*, 920 F.2d 449, 452-53 (7th Cir. 1990) ("statute of limitations are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application. They protect important social interests in certainty, accuracy, and repose").

-6-

Case 2:02-cv-00146-RTR    Filed 05/16/07    Page 6 of 7    Document 153

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Target's motion for partial summary judgment [Docket No. 130] is **GRANTED**; and

2. The EEOC's motion for partial summary judgment [Docket No. 124] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**