UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 02-C-0146 |
| v. | )<br>) |
| TARGET CORPORATION, | ) **CONSENT DECREE**<br>) |
| Defendant. | )<br>) |

U.S. DIST. COURT EAST DIST. WISC
FILED
DEC 10 2007
AT_____ O'CLOCK_____M
JON W. SANFILIPPO, CLERK

This action was instituted by the United States Equal Employment Opportunity Commission (the "EEOC") on or about February 8, 2002, against Target Corporation ("Target") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). In its Complaint, the EEOC alleged that Target violated Title VII by failing or refusing to hire a class of African-American employees based on their race and by failing to make and keep records relevant to whether unlawful employment practices have been or are being committed. Target filed an Answer denying the allegations in the EEOC's Complaint.

The EEOC and Target have agreed to this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in this action, Civil Action No. 02-C-0146 (E.D. Wis.), to avoid further litigation and to resolve disputed claims.

This Consent Decree shall be final and binding on the EEOC and on Target, on Target's directors, officers, agents, employees, successors, and assigns, and on all persons in active concert or participation with Target. This Decree shall not constitute an adjudication of, or a finding on, the merits of the case for or against either party.

Unless otherwise indicated, any obligations contained or requirements of Target contained in this Consent Decree shall apply only to Target's stores in its District 110 (which

covers metropolitan Milwaukee, Wisconsin, and metropolitan Madison, Wisconsin) and Target's employees and agents in that district ("D-110").

## CONSENT DECREE

Upon the consent of the parties to this action, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

### Non-Discrimination And Non-Retaliation

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Target is enjoined from engaging in any employment practice which constitutes unlawful race discrimination under Title VII in D-110. Specifically, Target is enjoined from failing to hire qualified employees for available positions based on race in D-110.

3. Target shall comply fully with all provisions of Title VII. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Target under Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against Target in the future, or Target's ability to defend against any such claims.

### Monetary Relief

4. Target agrees to pay a total of $510,000 to the four aggrieved individuals remaining in this action (Kalisha White, Ralpheal Edgeston Brown, Cherise Brown Easley, and James Daniels, Jr.) in full settlement of the claims against Target which were raised in the EEOC's Complaint. The monetary relief will be paid in the following manner:

   (a) No later than December 7, 2007, the EEOC shall specify to Target how much of the $510,000 shall be paid to each aggrieved individual. In recognition that the amounts to be paid represent a compromise of the EEOC's claim for lost wages and compensatory damages for each individual, the following allocations shall be made: for

Cherise Brown Easley, one tenth of the amount paid shall be allocated to lost wages and the remaining portion to compensatory damages; and for Kalisha White, Ralpheal Edgeston Brown and James Daniels, Jr., one third of the amounts paid shall be allocated to lost wages and the remaining portions to compensatory damages. Each of the claimants agrees to complete necessary tax forms to allow Target to process these payments.

(b) Within five days of the entry of this Consent Decree, but no later than December 28, 2007, Target shall send payment to each aggrieved individual of one-half of the amount specified by the EEOC in accordance with Paragraph 4(a) above. Between January 2 and 4, 2008, Target shall send payment to each individual of the second half of the amount specified by the EEOC in accordance with Paragraph 4(a) above.

(c) Target shall mail the checks to Ms. White, Ms. Brown, Ms. Easley, and Mr. Daniels by certified mail, return receipt requested, at addresses provided by the EEOC. Target also will mail a photocopy of each check to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, on the same day that it mails the checks to Ms. White, Ms. Brown, Ms. Easley, and Mr. Daniels.

(d) If Target does not make all payments as designated in the manner set forth in this Paragraph, the Court will enter a judgment for the entire amount(s) remaining due, plus reasonable attorneys' fees as determined by the Court, costs, and interest to be paid at the legal rate, compounded daily.

## Posting of Notice

5. Within 10 business days after the Court's entry of this Consent Decree, or as soon as is practicable, D-110 shall post same-sized copies of the Notice attached as Exhibit A to this Decree on all bulletin boards located in the team service centers at D-110 facilities usually used by D-110 for communicating human resources matters to employees. The notice shall remain posted until June 30, 2010. Within 10 business days of the posting, Target also shall send a letter to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, enclosing a copy of the Notice, as signed by Target, and stating the date and locations of its posting. D-110 shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material. If the posted copies become defaced, removed, marred, or otherwise illegible, as soon as practicable D-110 shall post a readable copy in the same manner as previously specified.

## Non-Discrimination and Anti-Harassment Policies and Complaint Procedures

6. Target's policy or policies against discrimination, harassment, and retaliation and its complaint procedures in D-110 shall be drafted in plain and simple language. Target shall ensure that its policy or policies against discrimination, harassment, and retaliation and its related complaint procedures in D-110 meet the following minimum criteria:

   (a) State that Target: (i) prohibits discrimination against employees on the basis of race; (ii) prohibits retaliation against employees for opposing employment practices that they reasonably believe are discriminatory or for participating in an investigation by the EEOC or a state or local governmental agency of a charge of discrimination under Title VII; (iii) prohibits any act, policy, or practice that has the effect of harassing or intimidating any employee on the basis of race in violation of Title

VII; and (iv) prohibits any act, policy, or practice that has the effect of creating, facilitating, or permitting the existence of a work environment that is hostile to employees through acts such as physical or verbal abuse and derogatory comments based on race in violation of Title VII;

  (b) Include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy or policies against discrimination, harassment and retaliation, which shall meet the following minimum criteria: (i) provide effective mechanism(s) for reporting incidents of discrimination, harassment, and retaliation; (ii) provide that complaints of discrimination, harassment, and/or retaliation can be made either in writing or verbally; (iii) identify employees to whom an employee can make a complaint; (iv) provide a 24-hour toll free message center that an employee may call to make a complaint of discrimination, harassment, or retaliation; (v) provide that, upon an employee's request, Target will offer translating assistance for filing a written complaint in English or otherwise communicating during the investigation of a complaint; (vi) encourage prompt reporting by employees; and (vii) provide assurances that complainants shall not be subjected to retaliation;

  (c) Provide for prompt investigation of complaints of harassment and/or retaliation;

  (d) Provide for prompt communication to the complaining party of the results of the investigation;

  (e) Provide for discipline up to and including discharge of an employee or supervisor who violates Target's policy or policies against discrimination, harassment, and retaliation, and for progressive discipline of repeat offenders.

7. Within 90 days after the Court's entry of this Consent Decree, D-110 shall distribute its policy or policies against discrimination, harassment, and retaliation to all of its employees and newly-hired employees at its stores. Also within that 90-day period, Target shall send a letter to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, certifying to the EEOC that D-110's policy or policies against discrimination, harassment, and retaliation have been distributed to current employees and that new employees will receive these policies during the duration of this Decree.

### Accountability

8. During the duration of this Decree, D-110 shall promote supervisor accountability by the following conduct:

   (a) Providing annual anti-discrimination training to all employees at the supervisor level and above as set forth in Paragraph 9 below;

   (b) Enforcing its policy or policies against discrimination, harassment, and retaliation, including use of appropriate counseling and discipline (up to and including discharge) for all employees at the supervisor level and above who violate the policy;

   (c) Imposing a duty on all employees at the supervisor level and above to administer their work areas to ensure compliance with D-110's policy or policies against discrimination, harassment, and retaliation;

   (d) Requiring all employees at the supervisor level and above to report any incidents or complaints of racial harassment or retaliation of which they become aware to the human resources function at their store or, when appropriate, to Target's D-110 Office;

(e) Requiring all employees at the supervisor level and above to comply with Target's internal document retention and destruction policies and the requirements of 42 U.S.C. § 20003-8(c), 29 C.F.R. § 1602.14, and 29 C.F.R.§ 1627.3;

(f) Enforcing its internal document retention and destruction policies, including use of appropriate counseling and discipline (up to and including discharge) for all employees at the supervisor level and above who violate the policies; and

(g) Imposing a duty on all employees at the supervisor level and above to administer their work areas to ensure compliance with Target's internal document retention and destruction policies.

## Training

9. D-110 shall provide training on the requirements of Title VII on the following terms:

(a) D-110 shall provide annual training sessions to all of its managers and supervisors regarding an employee's rights under Title VII, and the employer's obligations under Title VII, with an emphasis on what constitutes unlawful harassment and differential treatment of minority employees in the workplace, how to keep D-110 free of such forms of discrimination, and what constitutes unlawful retaliation.

(b) Each training session will include a live presentation by an executive, manager, or employee relations professional of Target emphasizing Target's commitment to prevent discrimination and harassment.

(c) D-110 shall first provide training in accordance with Paragraph 9(a) above no later than March 31, 2008. D-110 shall then also provide such training on at least one occasion on or before June 1, 2009.

10. In addition to the training described in Paragraph 9 above, Target will provide training to all managers and all employees and supervisors in its Human Resources Department at its D-110 Office regarding how to conduct a prompt and effective investigation into allegations, complaints, or charges of employment discrimination.

11. In addition to the training described in Paragraphs 9 and 10 above, Target will provide training to all managers and all employees and supervisors in its Human Resources Department at its D-110 Office regarding compliance with Target's internal document retention and destruction policies.

12. No later than 30 days prior to the first day of the proposed training, Target shall submit to the EEOC the name(s), address(es), telephone number(s), and curriculum vitae/resume(s) of its trainer(s), together with the date(s) of the proposed training sessions. Target shall provide the EEOC with copies of all pamphlets, brochures, outlines, or other written materials provided to the participants of the training sessions.

13. Within five business days after the training sessions have occurred, Target shall send a letter to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, certifying to the EEOC that the training has taken place and that the required personnel have attended.

### Recordkeeping

14. Until June 30, 2010, Target's Group 196 shall maintain the following records:

(a) Each complaint of any incident of race and retaliation discrimination from an applicant or employee in an executive position. (Each complaint shall be memorialized in writing, indicating the date on which the complaint was made, who made it, what was alleged, and any action that Target took to resolve the matter.)

(b) Job applications, resumes, or any other form of employment inquiry for executive positions whenever submitted to Target, whether in printed or electronic form.

(c) Rejection letters or e-mails, whether in printed or electronic form, sent to job applicants for executive positions rejected by Target.

(d) E-mails from job applicants for executive positions, or to or from Target employees, regarding job applicants for executive positions, their qualifications for employment, or any other aspect of the applicants' candidacy for employment by Target.

(e) Documents, whether in printed or electronic form, relating to interviews of job applicants for executive positions at Target.

(f) All other personnel or employment records regarding applicants for executive positions or employees in executive positions, including (but not limited to) documents related to hiring or refusals to hire, as specified in 42 U.S.C. § 20003-8(c), 29 C.F.R. § 1602.14, and 29 C.F.R.§ 1627.3.

15. Target encourages applicants to apply electronically, and provides potential applicants with a postcard providing information regarding such electronic applicants. However, if a potential applicant insists upon providing Target with a written resume or application, Target will accept such a resume or application.

16. Target shall make all documents or records referred to in Paragraph 14 above, available for inspection and copying by the EEOC within 20 business days after the EEOC so requests.

17. Nothing contained in this Decree shall be construed to limit any obligation that Target may otherwise have to maintain records or documents under Title VII or any other law or regulation.

### Reporting

18. On or before December 31, 2008, for the 2008 calendar year, and again on or before December 31, 2009, for the 2009 calendar year, Target shall submit a report to the EEOC containing the following information: (a) the names, addresses, and races (if known) of all applicants for executive positions in D-110, and the decisions made by Target to reject them or to continue to consider them for hiring; (b) the names, addresses, and races (if known) of all applicants who were interviewed by telephone or in person, and the decisions made by Target to reject them or to pass them on for "ELITE" interviews; and (c) the names, addresses, and races (if known) of all applicants for executive positions in D-110 who underwent "ELITE" interviews, and the decisions made by Target to hire or not to hire them. The report shall be in the form attached as Exhibit B. Target shall mail each report to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292.

### Dispute Resolution

19. In the event that either party to this Consent Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 10 business days of the alleged non-compliance and shall afford the alleged non-complying party 10 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance within 10 business days, the complaining party may apply to the Court for appropriate relief.

Miscellaneous Provisions

20. Each party to this Decree shall bear its own expenses, costs, and attorneys' fees.

21. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Target and D-110, as set forth in this Decree, in their capacities as representatives, agents, directors, and officers of Target and not in their individual capacities. This Paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

22. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 02-C-0146.

23. This Court shall retain jurisdiction over this action in order to enforce the terms of this Consent Decree.

24. This Consent Decree shall be filed in the United States District Court for the Eastern District of Wisconsin and shall continue in effect until June 30, 2010. Any application by any party to modify or vacate the Decree during that period shall be made by motion to the Court on no less than 30 days' notice to the other party.

SO ORDERED, ADJUDGED, AND DECREED this 10th day of December, 2007

By the Court:

_____
Rudolph T. Randa
United States District Judge

11

Agreed to in form and content:

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        By its attorneys:

        Ronald S. Cooper
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel
        Equal Employment Opportunity Commission
        1801 L Street, N.W.
        Washington, D.C. 20507

Dated: December 7, 2007       <u>s/ John C. Hendrickson</u>
        John C. Hendrickson
        Regional Attorney

Dated: December 7, 2007       <u>s/ Dennis R. McBride</u>
        Jean P. Kamp
        Associate Regional Attorney

        Dennis R. McBride
        Senior Trial Attorney
        Equal Employment Opportunity Commission
        Milwaukee Area Office
        310 West Wisconsin Avenue - Suite 800
        Milwaukee, WI 53203-2292

        TARGET CORPORATION
        By its attorneys:
Dated: December 7, 2007       <u>s/ Donald M. Lewis</u>
        Donald M. Lewis, Esq.
        Joseph G. Schmitt, Esq.
        Halleland, Lewis, Nilan & Johnson
        600 U.S. Bank Plaza South
        220 South Sixth Street
        Minneapolis, MN 55402-4501

        Gregory M. Wesley, Esq.
        Gonzalez Saggio & Harlan LLP
        225 East Michigan Street - Fourth Floor
        Milwaukee, WI 53202

**Exhibit A**

## NOTICE TO ALL TARGET CORPORATION EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in *Equal Employment Opportunity Commission v. Target Corporation*, Civil Action No. 02-C-0146 (E.D. Wis.), resolving a lawsuit filed by the EEOC against Target Corporation.

A federal law, Title VII of the Civil Rights Act of 1964, prohibits discrimination against employees and applicants for employment based upon race, color, sex, religion, or national origin. Title VII also forbids employers to retaliate against employees or applicants who engage in protected activities under Title VII, such as opposing discriminatory employment practices, filing a charge of discrimination with a government agency, or testifying or participating in an EEOC investigation. The EEOC is a federal agency which investigates charges of unlawful employment discrimination. The EEOC has authority to bring lawsuits in U.S. district courts to enforce Title VII.

In its lawsuit, the EEOC alleged that Target violated Title VII by refusing to hire a class of African-American employees based on their race and by failing to make and keep certain hiring and personnel records. Target denied the EEOC's allegations.

To resolve the case, Target and the EEOC have entered into a Consent Decree which is in effect until June 30, 2010 and which provides that: (1) Target will pay $510,000 to various African-American applicants to resolve their claims; (2) in compliance with federal law, Target will not discriminate on the basis of race; (3) in compliance with federal law, Target will not retaliate against any person because s/he opposed any practice made unlawful by Title VII, filed a discrimination charge, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and (4) Target will train all of its District 110 employees regarding race discrimination and Target's policy prohibiting race discrimination, and regarding compliance with Target's document retention policies.

If you believe you have been discriminated against, you may call Target's Integrity Hotline at (800) 541-6838 or the EEOC at (414) 297-1110 or at (800) 669-4000. The EEOC does not charge fees and has employees who speak languages other than English.

THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE. This Notice must remain posted until June 30, 2010 and must not be altered, defaced, or covered by any other material.

By: _____
Group Manager, Group 196
Target Corporation

# EXHIBIT B

| Name | Address | Race (if known) | Phone Screen Y/N | ELITE Interview Y/N | Hire Y/N |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |